# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PATRICIA GREEN, )
)
    Plaintiff, )
)
    v. )   No. 3:17-cv-649-J-34 JRK
)
EXPERT GLOBAL SOLUTIONS, INC., )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, PATRICIA GREEN ("Plaintiff"), by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, EXPERT GLOBAL SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Jacksonville, Duval County, Florida.

8. Plaintiff is a consumer as that term is defined by the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

13. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a national debt collection agency headquartered in the City of Plano, Collin County, Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a Credit One Bank, N.A. debt.

18. The alleged debt owed by Plaintiff arises from transactions for personal, family, and

household purposes.

19. In or around February 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone, at xxx-xxx-6863, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from a variety of telephone numbers.

21. In or around February 2016 to March 2016, Plaintiff told Defendant's collectors to stop calling Plaintiff.

22. Plaintiff told Defendant's collectors to stop calling her on several occasions.

23. Despite Plaintiff's requests that Defendant stop calling her, Defendant continued to call Plaintiff unabated in an attempt to collect on the alleged debt.

24. Defendant calls Plaintiff at an annoying and harassing rate.

25. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

26. Defendant has never had Plaintiff's prior express written consent to call her cellular telephone with an automatic telephone dialing system.

27. Even if Defendant somehow had Plaintiff's consent, such consent was revoked when Plaintiff told Defendant's collectors to stop calling her.

28. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

29. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

37. Within four (4) years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

38. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

> a. Invading Plaintiff's privacy;
> b. Electronically intruding upon Plaintiff's seclusion;
> c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
> d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
> e. Causing Plaintiff to expend needless time in receiving, answering, and attempting

to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

41. Defendant violated the FCCPA based on the following:

   a. Defendant violated the § 559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family when Defendant attempted to collect an alleged debt with a barrage of robocalls and even continued to do so after being told by Plaintiff to stop calling her.

WHEREFORE, Plaintiff, PATRICIA GREEN, respectfully requests judgment be entered against Defendant, EXPERT GLOBAL SOLUTIONS, INC., for the following:

42. Statutory damages of $1,000 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

43. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

44. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

46. Plaintiff repeats and re-alleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. Defendant's conduct violated the TCPA by:

    a.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PATRICIA GREEN, respectfully requests judgment be entered against Defendant, EXPERT GLOBAL SOLUTIONS, INC., for the following:

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

51. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 5, 2017                    By:___/s/_____

Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff